# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KIMBERLY TROWELL** | **CIVIL ACTION NO.:** |
| **Plaintiff,** | |
| v. | **PETITION FOR REMOVAL BASED UPON DIVERSITY OF CITIZENSHIP** |
| **WAL-MART STORES EAST, LIMITED PARTNERSHIP AND WALMART, INC.** | |
| **Defendants.** | **JULY 14, 2020** |

## PETITION FOR REMOVAL

**TO:** Clerk of the United States District Court
District of Connecticut

NOW COME the defendants, Wal-Mart Stores East, Limited Partnership and Walmart Inc., hereafter referred to as "Petitioners," and through the undersigned respectfully petition this Honorable Court as follows:

1. Petitioners are defendants in a civil action bearing Docket No. NNH-CV20-6105252 pending in the Connecticut Superior Court, Judicial District of New Haven at New Haven (hereafter, the "Action"). The Return Date for this Action is July 21, 2020. A copy of the Summons and Complaint in this Action is attached hereto as **Exhibit A**.

2. This Action sounds in negligence and arises from an incident that allegedly occurred on or about July 2, 2018 at a Walmart store located in New Haven, Connecticut. In her Complaint, the plaintiff alleges that the Petitioners were negligent in the manner in which they constructed, erected and/or failed to secure a crate, causing a bottle of soda to fall and strike her leg, thereby causing injuries.

3. The plaintiff alleges that the Petitioners were negligent in one or more of the following ways in that they, their agents, servants and/or employees:

    a. failed to properly construct and/or erect the soda bottle display, when they reasonably should not have failed to do so;

    b. placed the crate on [sic] display in an unsafe manner;

    c. failed to secure the crate;

    d. failed to use a holding brace or bracket to secure the crate;

    e. failed to post signs warning customers of unsafe conditions;

    f. failed to use reasonable care in following Walmart's safety policies concerning the storage on [sic] inventory for sale;

    g. failed to properly inspect the crate where the bottles were stored;

    h. knew or should have known of numerous other incidents in which customers of Walmart were injured by falling merchandise that had been improperly displayed, but failed to use reasonable care to prevent merchandise from falling on the plaintiff;

    i. created the dangerous and defective condition;

    j. utilized a method of displaying soda bottles that increased the risk of the crate tipping and/or falling over; and

    k. created a dangerous and defective condition by its mode of operation.

4. In her Complaint, the plaintiff alleges that as a result of the acts or omissions of the Petitioners, she suffered multiple physical injuries including an ankle fracture, scarring, bruising, and a severe shock to her nervous system. She alleges that she was forced to undergo extensive medical care and treatment and that she may require additional medical care and

treatment in the future. She alleges that she has paid or become obligated to pay bills for various medical care, including emergency services, hospital fees, and the fees of multiple treaters, including a primary care physician, orthopedist and radiologist. She further claims that she has suffered severe pain of body and anxiety of mind and may suffer similarly in the future.

Based upon the allegations set forth by the plaintiff, the amount in controversy is over $75,000.00.

5. This Action is being removed to the District Court pursuant to Title 28, United States Code § 1441(a). In support of this Petition for Removal, the Petitioners respectfully state and represent to the Court as follows:

    a. By Complaint dated June 17, 2020, the plaintiff filed suit against the Petitioners. Service was accomplished upon Wal-Mart Stores East, Limited Partnership on June 18, 2020, through CT Corporation System, the Petitioner's registered agent for service. Service was accomplished on Walmart Inc. on June 18, 2020, through CT Corporation System, the Petitioner's registered agent for service. The Complaint seeks venue in the Superior Court of Connecticut, Judicial District of New Haven at New Haven.

    b. The Plaintiff is a resident of New Haven, Connecticut. (Please see *Summons,* attached at **Exhibit A**.)

    c. The Petitioner, Wal-Mart Stores East, Limited Partnership, is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas. The sole general partner of Wal-Mart Stores East, L.P. is WSE Management, LLC. WSE Management, LLC is a sole-member Delaware limited liability company, with its principal place of business in Bentonville, Arkansas. The sole limited partner of Wal-

Mart Stores East, L.P. is WSE Investment, LLC. WSE Investment, LLC is a sole-member Delaware limited liability company, with its principal place of business in Bentonville, Arkansas. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, Inc. Wal-Mart Stores East, Inc. is a Delaware corporation, with its principal place of business in Bentonville, Arkansas. The parent corporation and sole shareholder of Wal-Mart Stores East, Inc. is Walmart Inc.

The Petitioner, Walmart Inc., is a Delaware corporation, with its principal place of business in Bentonville, Arkansas.

d.  In her Complaint, the plaintiff alleges that as a result of the subject incident, she sustained personal injuries as outlined in Paragraph 4 above, including an ankle fracture and scarring. She allegedly underwent extensive medical care and treatment and may require additional treatment in the future. The plaintiff claims past medical expenses associated with these injuries and alleges that she may be required to make expenditures for medical services in the future. Accordingly, the amount in controversy exceeds $75,000.00.

6.  This Court has original jurisdiction over this Action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between the plaintiff and the Petitioners and because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.  Venue is proper pursuant to 28 U.S.C. §1391(a) and (b), because the events giving rise to the plaintiff's claims occurred within the State of Connecticut and the Petitioners are subject to personal jurisdiction in Connecticut.

8. Pursuant to 28 U.S.C. §1446(d), the Petitioners have on this date notified the Superior Court of the State of Connecticut of the filing of this Petition. A copy of the Certificate of Removal filed with the Superior Court is attached hereto as **Exhibit B**.

**WHEREFORE,** based upon the foregoing, the Petitioners respectfully request that this Action be removed to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §1441(a), and that further proceedings in the Superior Court of Connecticut, Judicial District of New Haven at New Haven, be discontinued.

                Respectfully submitted,

                DEFENDANTS,
                WALMART STORES EAST, LIMITED
                PARTNERSHIP AND WALMART INC.

By: */s/ Maria Alexander*
     Maria Alexander, Esq.
     Federal Bar No.: (ct25479)
     Ryan Ryan Deluca LLP
     CityPlace II
     185 Asylum Street, 6th Floor
     Hartford, CT 06103
     Phone: 860-785-5150
     Fax: 860-785-5040
     malexander@ryandelucalaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **KIMBERLY TROWELL** | **CIVIL ACTION NO.:** |
| **Plaintiff,** | |
| v. | |
| **WAL-MART STORES EAST, LIMITED PARTNERSHIP AND WALMART, INC.** | **CERTIFICATE OF SERVICE** |
| **Defendants.** | **JULY 14, 2020** |

    I hereby certify that on July 14, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    A copy was also served via e-mail, upon:

Gavin Robbins, Esq.
Robbins Law, LLC
515 Centerpoint Drive, Suite 804
Middletown, CT  06457
*Attorney for the Plaintiff*

                                                       */s/ Maria Alexander*
                                                   Maria Alexander, Esq.
                                                   Federal Bar No.: (ct25479)

# EXHIBIT A

# SUMMONS - CIVIL
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven 06510 | ( 203 ) 503-6800 | July 21, 2020 |

| | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|
| [X] Judicial District  [ ] Housing Session  [ ] G.A. Number: | New Haven | Major: T   Minor: 12 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Robbins Law, LLC, 515 Centerpoint Drive, Suite 804, Middletown CT 06457 | 438907 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 860 ) 468-5291 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [X] Yes [ ] No | Email address for delivery of papers under Section 10-13 (if agreed to) gavin@robbinslaw.attorney |
|---|---|---|

Number of Plaintiffs: 1 | Number of Defendants: 2 | [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Kimberly Trowell <br> Address: 50 Webster Street, New Haven, CT 06511 | P-01 |
| Additional Plaintiff | Name: <br> Address: | P-02 |
| First Defendant | Name: Wal-Mart Stores East, Limited Partnership c/o Agent for Service: CT Corporation System <br> Address: 67 Burnside Avenue, East Hartford, CT 06108-3408 | D-01 |
| Additional Defendant | Name: Walmart, Inc. c/o Agent for Service: CT Corporation System <br> Address: 67 Burnside Avenue, East Hartford, CT 06108-3408 | D-02 |
| Additional Defendant | Name: <br> Address: | D-03 |
| Additional Defendant | Name: <br> Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | [X] Commissioner of the Superior Court  [ ] Assistant Clerk | Name of Person Signing at Left Gavin Robbins | Date signed 06/17/2019 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

A TRUE COPY
ATTEST: File Date
CHARLES J. LILLEY
STATE MARSHAL/INDIFFERENT PERSON
HARTFORD COUNTY

For Court Use Only

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:
   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Summary Process actions
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
|  | C 10 | Construction - State and Local |
|  | C 20 | Insurance Policy |
|  | C 30 | Specific Performance |
|  | C 40 | Collections |
|  | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
|  | E 10 | Redevelopment Condemnation |
|  | E 20 | Other State or Municipal Agencies |
|  | E 30 | Public Utilities & Gas Transmission Companies |
|  | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
|  | M 10 | Receivership |
|  | M 20 | Mandamus |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
|  | M 40 | Arbitration |
|  | M 50 | Declaratory Judgment |
|  | M 63 | Bar Discipline |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |
|  | M 68 | Bar Discipline - Inactive Status |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
|  | M 83 | Small Claims Transfer to Regular Docket |
|  | M 84 | Foreign Protective Order |
|  | M 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
|  | H 12 | Housing - Rent and/or Damages |
|  | H 40 | Housing - Audita Querela/Injunction |
|  | H 50 | Housing - Administrative Appeal |
|  | H 60 | Housing - Municipal Enforcement |
|  | H 90 | Housing - All Other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Property | P 00 | Foreclosure |
|  | P 10 | Partition |
|  | P 20 | Quiet Title/Discharge of Mortgage or Lien |
|  | P 30 | Asset Forfeiture |
|  | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | T 03 | Defective Premises - Private - Other |
|  | T 11 | Defective Premises - Public - Snow or Ice |
|  | T 12 | Defective Premises - Public - Other |
|  | T 20 | Products Liability - Other than Vehicular |
|  | T 28 | Malpractice - Medical |
|  | T 29 | Malpractice - Legal |
|  | T 30 | Malpractice - All other |
|  | T 40 | Assault and Battery |
|  | T 50 | Defamation |
|  | T 61 | Animals - Dog |
|  | T 69 | Animals - Other |
|  | T 70 | False Arrest |
|  | T 71 | Fire Damage |
|  | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | V 05 | Motor Vehicles* - Property Damage only |
|  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | V 09 | Motor Vehicle* - All other |
|  | V 10 | Boats |
|  | V 20 | Airplanes |
|  | V 30 | Railroads |
|  | V 40 | Snowmobiles |
|  | V 90 | All other |
|  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | W 90 | All other |

JD-CV-1 Rev. 4-16 (Back/Page 2)

(Page 2 of 2)

| | |
|---|---|
| RETURN DATE: JULY 21, 2020 | SUPERIOR COURT |
| KIMBERLY TROWELL | J.D. OF NEW HAVEN |
| V. | AT NEW HAVEN |
| WAL-MART STORES EAST, LIMITED PARTNERSHIP | JUNE 17, 2020 |

## COMPLAINT

**FIRST COUNT: KIMBERLY TROWELL v. Wal-Mart Store East, Limited Partnership**

1. At all times mentioned herein, the defendant, Wal-Mart Stores East, Limited Partnership (hereinafter "Walmart") was and still is a foreign limited partnership organized and existing under the laws of the State of Delaware and registered to do business in the State of Connecticut.

2. Walmart owned, operated, maintained, possessed and/or controlled a Walmart store located at 315 Foxon Boulevard in the City of New Haven, Connecticut.

3. On or about July 2, 2018 Kimberly Trowell, the plaintiff, was a patron and invitee at said Walmart store.

4. On said date and at said time and place, as Kimberly Trowell was legally present in said Walmart store, a plastic crate suddenly fell and struck her on the leg as she removed a bottle of soda from said crate, causing her to sustain the injuries, damages and losses as more fully set forth herein.

5. Said occurrence and the resulting injuries, damages and losses of the plaintiff were caused by the carelessness and negligence of Walmart, its agents, servants and/or employees in any one or more of the following ways, in that:

> a. the defendant, its agents, servants and/or employees failed to properly construct and/or erect the soda bottle display, when they reasonably should not have failed to do so;

b. that the defendant, its agents, servants and/or employees placed the crate on display in an unsafe manner;

c. that the defendant, its agents, servants and/or employees failed to secure the crate;

d. that the defendant, its agents, servants and/or employees failed to use a holding brace or bracket to secure the crate;

e. that the defendant, its agents, servants and/or employees failed to post signs warning customers of unsafe conditions;

f; that the defendant, its agents, servants and/or employees failed to use reasonable care in following Walmart's safety policies concerning the storage on inventory for sale;

g. that the defendant, its agents, servants and/or employees failed to properly inspect the crate where the bottles were stored;

h. that the defendant, its agents, servants and/or employees knew or should have known of numerous other incidents in which customers of Walmart were injured by falling merchandise that had been improperly displayed, but failed to use reasonable care to prevent merchandise from falling on the plaintiff;

i. that the defendant, its agents, servants and/or employees created the dangerous and defective condition;

j. that the defendant, its agents, servants and/or employees utilized a method of displaying soda bottles that increased the risk of the crate tipping and/or falling over and:

k. that the defendant, its agents, servants and/or employees created a dangerous and defective condition by its mode of operation.

6. The defendant, its agents, servants and/or employees, knew or had they exercised due care or proper diligence, should have known of the aforesaid conditions.

7. As a result of the carelessness and negligence of the defendant, Walmart, its agents, servants and/or employees, as aforesaid, the plaintiff has sustained the

following severe and painful injuries some, or all of which may be permanent in nature, the full extent of which permanency cannot now be ascertained.

    a. ankle/leg bruising/contusion

    b. ankle fracture

    c. scarring

    d. a severe shock to her nervous system.

8. As a result of said occurrence and her injuries, as aforesaid, the plaintiff has suffered severe pain of body and anxiety of mind and she may suffer similarly in the future.

9. As a further consequence of said occurrence and her injuries, as aforesaid, the plaintiff was forced to undergo extensive medical care and treatment and she may require additional medical care and treatment in the future.

10. As a still further consequence of said occurrence and her injuries, as aforesaid, the plaintiff has been unable to pursue her wanted activities and life's promises and was unable to perform her usual services in and around the home, which has and will cause her further loss and damage.

11. As a further consequence of said occurrence the plaintiff has paid or has incurred and become obligated to pay bills for medical care including emergency department services, hospital fees, primary care physician, physical therapist, orthopedic physician, radiologists and the like; and she may be required to make expenditures for similar services and products in the future.

## SECOND COUNT: KIMBERLY TROWELL v. WALMART INC.

1. At all times mentioned herein, the defendant, WALMART INC (hereinafter "Walmart") was, and still is a foreign corporation incorporated in the State of Delaware, and registered to do business in the State of Connecticut.

2-11. Paragraphs 2-11 of the First Count are hereby incorporated herein and made paragraphs 2-11 of this, the Second Count.


Wherefore, the plaintiff prays for the following relief:

1. Monetary damages with the jurisdiction of this Court;
2. Such other and further relief as this Court may deem just and proper.

Hereof, fail not, but due service and return make.


THE PLAINTIFF, KIMBERLY TROWELL

By:

Gavin Robbins
Robbins Law, LLC
515 Centerpoint Drive, Suite 804
Middletown, CT 06457
Telephone No: 860-468-5291
Juris No: 438907

A TRUE COPY
ATTEST:

CHARLES J. LILLEY
STATE MARSHAL/INDIFFERENT PERSON
HARTFORD COUNTY

| | |
|---|---|
| RETURN DATE: JULY 21, 2020 | SUPERIOR COURT |
| KIMBERLY TROWELL | J.D. OF NEW HAVEN |
| V. | AT NEW HAVEN |
| WAL-MART STORES EAST, LIMITED PARTNERSHIP | JUNE 17, 2020 |

## CLAIM FOR DAMAGES

The plaintiff claims money damages in an amount which is greater than Fifteen Thousand ($15,000.00) dollars, exclusive on interest and costs.

THE PLAINTIFF, KIMBERLY TROWELL

By: *[signature]*

Gavin Robbins
Robbins Law, LLC
515 Centerpoint Drive, Suite 804
Middletown, CT 06457
Telephone No: 860-468-5291
Juris No: 438907

A TRUE COPY
ATTEST: *[signature]*

CHARLES J. LILLEY
STATE MARSHAL/INDIFFERENT PERSON
HARTFORD COUNTY

# EXHIBIT B

| | |
|---|---|
| D.N. NNH-CV20-6105252-S | SUPERIOR COURT |
| KIMBERLY TROWELL | J.D. OF NEW HAVEN |
| v. | AT NEW HAVEN |
| WAL-MART STORES EAST, LIMITED PARTNERSHIP, ET AL. | JULY 14, 2020 |

## CERTIFICATE OF FILING PETITION FOR REMOVAL

NOW COME Wal-Mart Stores East, Limited Partnership and Walmart Inc., the defendants in the above-captioned action, by and through their attorneys, Ryan Ryan Deluca LLP, and hereby certify that they have on this date filed a Petition for Removal of the above-captioned action to the United States District Court for the District of Connecticut. A copy of said Petition (without Exhibits) is attached hereto as **Exhibit A.**

        DEFENDANTS,
        WALMART STORES EAST, LIMITED
        PARTNERSHIP AND WALMART, INC.

By: /s/ 419544_____
      Maria Alexander, Esq.
      Ryan Ryan Deluca LLP
      CityPlace II
      185 Asylum Street, 6th Floor
      Hartford, CT 06103
      Juris No. 436612
      Phone: 860-785-5150

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 14, 2020, a copy of the above was mailed and/or e-mailed to the following counsel and pro se parties of record:

Gavin Robbins, Esq.
515 Centerpoint Drive, Suite 804
Middletown, CT  06457
*Attorney for Plaintiff, Kimberly Trowell*

             ___/s/ 419544_____
             Maria Alexander, Esq.

S:\RyanSTI0408\LIT\DOCS\path.rtf
8000.375

**Exhibit A**